STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-33
REC-CUM-7/30/07

2001 MAR 22 P 3: 31

JAMES P. MOORE

Petitioner

v.

ORDER ON MOTION TO
DISMISS

CHARLES ABBOTT, ESQ.,
HON. EUGENE BEAULIEU, and
MARVIN GLAZIER, ESQ.

DONALD L. GARBRECHT
LIBRARY

Respondents

AUG 02 2007

Before the Court is Respondents Honorable Eugene Beaulieu, Marvin Glazier and Charles Abbott's ("Respondents") motion to dismiss Petitioner James P. Moore's ("Petitioner") appeal pursuant to M.R. Civ. P. 80C and 1 M.R.S.A. § 409(1) of Respondents' failure to comply with Petitioner's Freedom of Access Act ("FOA") request. Specifically, Petitioner requested access to files, records and reports compiled during Respondents' review of allegations of misconduct by law enforcement and prosecutors in connection with the trial of Dennis Dechaine for the 1988 murder of Sarah Cherry. This review was conducted at the request of Attorney General G. Steven Rowe.

Respondents argue that Petitioner's appeal must be dismissed because of a failure to comply with time limits established by 1 M.R.S.A. § 409(1) as well as for a failure to properly serve process on Respondents.

In relevant part, the FOA sets out the following requirement regarding time limits for appeal:

> If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or

1

agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal therefrom, within 5 working days of the receipt of the written notice of denial, to any Superior Court within the State.

1 M.R.S.A. § 409(1). Respondents argue that because Petitioner's initial request for information was dated August 30, 2006 and because his appeal was not filed until September 20, 2006, the appeal is untimely.

Respondents' argument ignores the uncontroverted fact that they never responded to Petitioner's request. By its terms, § 409(1)'s time limit for filing an appeal "applies only when a written notice of denial is received by the citizen who requested access. The statute, however, specifies no time limit when a de facto denial occurs as a result of a governmental agency's failure to fulfill its statutory duty." *Cook v. Lisbon Sch. Comm.*, 682 A.2d 672, 679 (Me. 1996). That is precisely the situation in this case. Because Petitioner never received written notice that his request had been denied, his time limit for filing an appeal was not controlled by § 409(1).

Because the time limit for Petitioner's appeal was not controlled by § 409(1), the general time limits for Rule 80C appeals applied. *See id.* Under Rule 80C, when review is sought of "the failure or refusal of an agency to act," time limits for review are provided by 5 M.R.S.A. § 11002(3). M.R. Civ. P. 80C(b). That statute states that in such a situation, "the petition for review shall be filed within 6 months of the expiration of the time within which the action should reasonably have occurred. 5 M.R.S.A. § 11002(3). Petitioner's FOA request was dated August 30, 2006 and he filed his appeal in this case on September 20, 2006. Under this standard, Petitioner's complaint was clearly timely.

2

Respondents' argument regarding insufficiency of service of process is also unavailing. Respondents argue that, per M.R Civ. P. 4(d)(1), Petitioner was required to personally serve each Respondent in the manner provided by that rule. The requirements for service on a Rule 80C appeal, however, are not controlled by Rule 4(d)(1), but by Rule 80C(a). Under that rule,"[a] petition for review shall be served as provided by 5 M.R.S.A. § 11003." M.R. Civ. P. 80C(a). 5 M.R.S.A. § 11003, in turn, states that "[t]he petition for review shall be served by certified mail, return receipt requested, upon: A. The agency; B. All parties to the agency proceeding; and C. The Attorney General." Petitioner complied with these requirements. As a result, Respondents were properly served.[1]

Therefore, the entry is:

> Respondents' motion to dismiss for untimely filing is DENIED. Respondents' motion to dismiss for insufficiency of service of process is DENIED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 22nd day of _____, 2007.

Robert E. Crowley
Justice, Superior Court

---

[1] In their brief, Respondents summarily state that they "deny that they are a body or agency or official" within the meaning of the FOA. At oral argument, counsel for Respondents expanded upon this assertion, arguing that application of the four factor test for determination of whether an entity qualifies as a public agency demonstrates that Respondents do not qualify. *See Dow v. Caribou Chamber of Commerce and Indus.*, 2005 ME 113, ¶ 12, 884 A.2d 667, 670. This analysis, however, requires a consideration of the facts and circumstances of the case that would be inappropriate on the present motion to dismiss.

Date Filed __9-20-06__  CUMBERLAND  Docket No. __AP-06-49__
County

Action ____80C APPEAL____

JAMES P. MOORE                        CHARLES ABBOTT, ESQ
                                      HON EUGENE BEAULIEU
                                      MARVIN GLAZIER, ESQ

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES P. MOORE (PRO SE)<br>PO BOX 1032<br>BRUNSWICK ME 04011 | SETH HARROW, ESQ. (BEAULIEU & GLAZIEI<br>PO BOX 919<br>BANGOR ME 04002-0919<br>947-6915<br><br>JOHN COLE, ESQ. (ABBOTT)<br>PO BOX 3200<br>AUBURN, ME 04212-3200 |